IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JAMIE TAN, | ) |
| PLAINTIFF, | ) |
| vs. | ) CASE NO.: _____ |
| FEDERAL EXPRESS CORP., | ) |
| DEFENDANT. | ) |

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. § 1332 [DIVERSITY], and 28 U.S.C. §1441**

The Defendant, Federal Express Corporation (FedEx Express), files this Notice of Removal (Notice), hereby removing the state action, Case No. 2021-008916-CA-01, from the Circuit Court of the Eleventh Judicial Circuit (Civil Division) for Miami-Dade County, Florida, herein referred to as "State Court Action," to the United States District Court for the Southern District of Florida (Miami Division) on the basis of diversity jurisdiction, pursuant to 28 U.S.C. sections §§ 1332 and 1441.

1. On or about April 14, 2021, the State Court Action was commenced against FedEx Express entitled *Jamie Tan v. Federal Express Corp.* FedEx was served on May 5, 2021. Attached hereto as Exhibit A is the State Court Action.

2. In the State Court Action, Plaintiff alleges claim(s) under the Florida Civil Rights Act of 1992, § 760.10, *et seq.*, Fla. Stat. (FCRA), herein referred to as "State Claims." Exhibit A, Complaint. Plaintiff asserts claims of race discrimination (Count I), national origin discrimination (Count II), hostile work environment (Count III), and retaliation (Count IV) in violation of the FCRA.

3. In the State Court Action, Plaintiff asserts in the introductory sentence of the Complaint that FedEx Express is "a Foreign for-Profit Corporation," and later in the Complaint it "has a place of business in Miami-Dade County . . . where Plaintiff worked" (*Id*. ¶ 2). FedEx Express employment records reflect that Plaintiff's primary home address as SW 143 Terrace, Kendall, Florida 33186, and his May 6, 2019 charge of employment discrimination list the same address. Exhibit B, Declaration of Frederick L. Douglas, Lead Counsel ¶ 6.

4. FedEx Express is a Delaware corporation with his principle place of business and headquarters in Memphis, TN. Exhibit B, Declaration of Frederick L. Douglas, Lead Counsel ¶ 4. Complete diversity of citizenship exists between a Florida resident and Delaware corporation. There are no individual defendants.

5. The Complaint contemplates and asserts an amount more than $75,000, exclusive of interest and costs. Plaintiff asserts an entitlement to back pay, compensatory damages for mental anguish, personal suffering, and loss of life, and front pay. Complaint, p. 11, subsections (b) – (c).

6. Plaintiff alleges he was terminated "on or about September 2019." Complaint, ¶ 26. For each of the counts in the Complaint, Plaintiff seeks "judgment requiring that [FedEx] pay Plaintiff appropriate back pay[.]" *Id*. pp. 6, 8, 9, 11. Plaintiff's hourly rate of pay was $22.03/hr. at the time of his termination. Exhibit B, Douglas Decl. ¶ 5, Exhibit 1 (workday summary). The workday summary reflects he worked 40 hours a week, with a "total base pay" of $45,822.40. At $22.03/hr Plaintiff's weekly income was $881.20. There are 87 weeks between September 1, 2019 (the alleged termination) and May 5, 2021 (date complaint served), giving him a backpay amount of $76,664.40 ($881.20/wk x 87 weeks). The back-pay amount exceeds the $75,000 removal requirement for diversity cases.

7.	As with back-pay damages, Plaintiff also seeks compensatory damages for mental anguish, personal suffering, and loss of life (*See* Complaint, pp. 6, 8, 10, 11).  Florida juries across the state have a history of awarding over six figures with little actual evidence to support the claim.  *See Copley v. Bax Global, Inc.*, 97 F. Supp. 2d 1164, 1167 (S.D. Fla. 2000)("After a brief deliberation, the jury returned its verdict in Plaintiff's favor, awarding him $ 500,000.00 in compensatory damages"); *Collado v. UPS*, 2003 U.S. Dist. LEXIS 27689, *3 (S.D. Fla. April 15, 2003) *affirmed,* 419 F.3d 1143 (11th Cir. 2005)  (the jury returned a verdict  on plaintiff's ADA discrimination and retaliation claims awarding "$250,000 in compensatory damages."); *Harris v. Corr. Corp. of Am.*, 2004 U.S. Dist. LEXIS 33684, *1 (M.D. Fla. Mar. 10, 2004)(On Title VII retaliation claim "the jury returned a verdict . . . and awarded Plaintiff . . . $150,000 in compensatory damages for emotional pain and mental anguish."); *Smith v. City of New Smyrna Beach*, 2013 U.S. Dist. LEXIS 132051, *16 (M.D. Fla. Sept. 16, 2013)(" The jury awarded Plaintiff compensatory damages in the amounts of $244,000 for back pay and $200,000 for pain and suffering."), *affirmed,*  2014 U.S. App. LEXIS 20772 (11th Cir. Oct. 23, 2014); *Austin v. FL Hud Rosewood LLC*, 2018 U.S. Dist. LEXIS 235219, *2 (N.D. Fla. Feb. 15, 2018)("Following trial, the jury returned a verdict in favor of [plaintiff] finding that [employer] engaged in retaliation and awarding compensatory damages in the amount of $125,000 for [plaintiff's] emotional pain and mental anguish."); *Myers v. Cent. Fla. Invs., Inc.*, 2008 U.S. Dist. LEXIS 98935, *2 (M.D. Fla. Oct. 28, 2008)(for allegations arising out of claims for sexual harassment under the FCRA "[t]he jury awarded compensatory damages of $102,223.14 on the battery claim").

8.	Based on the above, this Court has jurisdiction over Plaintiff's claims based upon diversity of citizenship (28 U.S.C. § 1332).  Therefore, this suit may be removed to this Court

pursuant to the provisions of 28 U.S.C. § 1441.

9. All process, pleadings and orders that have been served on the FedEx are attached as Exhibit A.

## TIMELINESS OF REMOVAL

10. This Notice is timely brought. Service on FedEx occurred on or about May 5, 2021. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within 30 days after the service of summons upon the defendant.

11. Removal venue is appropriate because the Miami Division of the federal court embraces the place where the State Court Action is pending.

## NOTICE TO STATE COURT AND PLAINTIFF

12. Contemporaneous with the filing of this Notice, FedEx has given the State Court written notice of the removal.

DATED: June 3, 2021                                          Respectfully submitted,


By:   /s/ West Holden
      West Holden
      Littler Mendelson, P.C.
      111 North Orange Avenue
      Suite 1750
      Orlando, FL  32801-2366

      and

      Frederick L. Douglas (motion for admission *pro hac vice* to be filed)
      Brian Coleman (motion for admission *pro hac vice* to be filed)
      Federal Express Corporation
      3620 Hacks Cross Rd., Bldg. B, 3rd Fl.
      Memphis, TN  38125

      Attorneys for Defendant Federal Express

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing via this Court's ECF filing system on June 3, 2021, to the following address:

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
Email: pmb@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130

        */s/ West Holden*
        West Holden