|  | IN THE CIRCUIT COURT OF THE |
|---|---|
|  | 11TH JUDICIAL CIRCUIT IN AND FOR |
|  | MIAMI-DADE COUNTY, FLORIDA |

JAIME TAN,   CASE NO.:

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
a Foreign for-Profit Corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiff, JAIME TAN ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, FEDERAL EXPRESS CORPORATION ("Defendant"), a Foreign for-Profit Corporation, and in support, Plaintiff avers the following:

## GENERAL ALLEGATIONS

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, § 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful national origin and race-based discriminatory treatment towards Plaintiff – as well as retaliation against Plaintiff.

2. Defendant has a place of business in Miami-Dade County, Florida – at or near 6600 NW 36th Street, Miami, Florida 33166 – where Plaintiff worked for Defendant.

3. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment is due in Miami-Dade County, Florida.

1

4. Defendant was a "person" and/or an "employer" pursuant to the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA.

6. Plaintiff is a Peruvian, Hispanic individual and is a member of a class of persons protected from discrimination in his employment under the FCRA.

7. On or about May 6, 2020, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

9. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff – a Peruvian, Hispanic individual – was hired by Defendant on or about 1990 and was terminated by Defendant in December 2018 – with Plaintiff's last position with Defendant as a "Material Handler."

11. Plaintiff was terminated on or about December 2018 for failing to clock-out during Plaintiff's lunch break. This is despite that fact that similarly-situated co-workers of Plaintiff also failed to clock-out during their lunch break. None of Plaintiff's similarly-situated black co-workers were terminated for failing to clock-out during their lunch break.

12. Plaintiff received no warning from Defendant or any of its agents for Plaintiff's failure to clock-out prior to Plaintiff's termination on or about December 2018.

13. Feeling discriminated against, Plaintiff filed a complaint with Defendant's Guaranteed Fair Treatment Procedure ("GFTD") on or about December 2018.

14. Following Plaintiff's complaint, Plaintiff had a meeting with Mouris Settles ("Settles") and Jeremy – from Defendant's Human Resources (HR) department. During the meeting, Settles and Jeremy told Plaintiff they believed Plaintiff was unfairly terminated – namely because Plaintiff's similarly-situated black co-workers were neither terminated nor reprimanded for not clocking-out during their lunch breaks.

15. As a result of Plaintiff's complaint and Defendant's investigation into the complaint, Plaintiff was rehired by Defendant on or about January 2019.

16. When Plaintiff returned to work, Plaintiff was subject to a hostile work environment and discriminatory treatment from managers and other agents of the Defendant.

17. In one example, Anthony Walton ("Walton") – a manager of Plaintiff who is black – told Plaintiff that Plaintiff would never advance in the company because Plaintiff was an "enemy." Walton said this in front of other manager – John Betancur ("Betancur") – who remained silent.

18. Plaintiff reported the incident to Glenn Dunlap ("Dunlap") – Senior Manager for Defendant. Dunlap took no affirmative actions to cure Plaintiff's complaint and ignored Plaintiff's concerns.

19. In another occasion, Plaintiff complained to Dunlap about shenanigans occurring on the airport ramp and the lack of action taken by manager Jose Perez. Dunlap responded – in front of Betancur and employee Orlando Serra – by telling Plaintiff that management does not like Plaintiff and is seeking ways to terminate Plaintiff.

20. On or about May 12, 2019, Plaintiff witnessed Walton placed a used can in one of Defendant's airplanes – a violation of Defendant's rules. Plaintiff subsequently reported Walton's behavior to Marcus Wells ("Wells") – who is black. Upon receiving the information, Wells simply laughed off the infringement and did not reprimand Walton.

21. Plaintiff also suffered from discriminatory treatment by not being offered overtime opportunities offered to similarly-situated non-Hispanic co-workers.

22. By contrast, co-worker Bryce Jesse – who is white – received overtime every Tuesday, despite simply just hanging out in the office and not actually working.

23. Plaintiff was also the one a few workers required to participate in Defendant's "Stretch N Flex" program where Plaintiff must pause from working to stretch.

24. Plaintiff, in particular, was discriminated against heavily by German Campos ("Campos") – Team Leader for Defendant. Campos would consistently harass Plaintiff throughout Plaintiff's shifts and publicly state that Plaintiff was a poor worker and took more breaks than allotted by Defendant.

25. Throughout Plaintiff's employment with Defendant after January 2019, Campos would also consistently threaten Plaintiff with termination.

26. On or about September 2019, Plaintiff was terminated from Defendant after Campos accused Plaintiff of physically-attacking him. Plaintiff never struck Campos in anyway.

## COUNT I
*Race Discrimination in Violation of the FCRA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. Plaintiff is a member of a protected class under the FCRA.

29. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

30. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Hispanic.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff

because of Plaintiff's national origin and subjected the Plaintiff to national origin-based animosity.

41. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Peruvian.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Hostile Work Environment in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. As part of its protections, the FCRA protects the rights of employees to work in a safe

workplace free from harassment or abuse.

52. The conduct to which Plaintiff was subjected to, as outlined above, was severe, pervasive, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

53. Plaintiff was the victim of harassment when Defendant's agents consistently harassed and degraded the Plaintiff. Defendant's agents also failed to provide Plaintiff with the same employment opportunities that were offered to similarly-situated employees of Defendant.

54. The harassment Plaintiff was subjected to rose to a level that would dissuade a reasonable worker from making or supporting a charge of discrimination.

55. Defendant's alleged bases for the adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

56. As a result of the hostile work environment to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fee; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of the FCRA*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

58. Plaintiff is a member of a protected class under the FCRA.

59. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

60. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race and national origin was unlawful but acted in reckless disregard of the law.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under

federal law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: **April 14, 2021**

                                           Respectfully submitted,

                                           **/s/ Peter M. Hoogerwoered**
                                           Peter M. Hoogerwoerd, Esq.
                                           Fla. Bar No.: 0188239
                                           Email: pmh@rgpattorneys.com
                                           **Remer & Georges-Pierre, PLLC**
                                           44 West Flagler Street, Suite 2200
                                           Miami, FL 33130
                                           (305) 416-5000- Telephone
                                           (305) 416-5005- Facsimile